IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NATALIE DAWN MCLAREN )
)
v. ) NO. 3-11-0224
) JUDGE CAMPBELL
T. HOLLAND MCKINNIE, et al. )

ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order (Docket No. 2). The Court held a hearing on Plaintiff's Motion on Monday, March 14, 2011. Plaintiff's Motion is DENIED.

The Motion asks this Court to issue a Temporary Restraining Order ("TRO") effectively enjoining a proceeding in the Williamson County Chancery (Probate) Court in which the validity of a certain Public Safety Officers Benefit ("PSOB") paid to Plaintiff upon the death of her husband, Jeremy McLaren, is being challenged.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

Based upon the Motion, pleadings, representations of counsel and the entire record, the Court finds that Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of her claims. The Court finds that it must abstain from issuing a TRO based upon *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Under *Younger*, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. The Supreme Court has extended *Younger* to bar federal courts from

interfering in some state civil suits and administrative proceedings. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 366-72 (1989). *Younger* abstention applies when there is an on-going state judicial proceeding, that proceeding implicates important state interests, and there is an adequate opportunity in the state proceeding to raise constitutional or federal challenges. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

Here, there is an on-going state probate proceeding, that proceeding implicates important state interests in the probate of the estate of one of its citizens, and Plaintiff has adequate opportunity to raise, in the state court proceeding, her challenges to that court's jurisdiction over the PSOB dispute.[1] Moreover, Plaintiff may appeal any adverse ruling of the Probate Court to the Tennessee Court of Appeals, the Tennessee Supreme Court, and ultimately, to the U.S. Supreme Court. Plaintiff may *not* appeal the state court ruling to this Court.

For all these reasons, *Younger* applies, and the Court must abstain from interfering with the state court proceeding as requested by the Plaintiff. The Court's balancing of the other TRO factors does not change this result.

IT IS SO ORDERED.

                                                                                _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that a challenge to a decision on a PSOB claim must be appealed administratively and then judicially reviewed by suit in the Court of Federal Claims. *Demutiis v. United States*, 291 F.3d 1373, 1375-76 (Fed. Cir. 2002).